IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DIANNE KUULEIMOMI HOAPILI, ) | CIVIL NO. 12-00370 HG-RLP |
| ) | |
| Plaintiff, ) | FINDINGS AND RECOMMENDATION |
| ) | THAT (1) PLAINTIFF'S FIRST, |
| vs. ) | SECOND, AND THIRD CAUSES OF |
| ) | ACTION BE DISMISSED WITH |
| AMERICAN SAVINGS BANK; HAWAII ) | PREJUDICE; (2) PLAINTIFF BE |
| HOUSING FINANCE AND ) | GIVEN LEAVE TO FILE AN AMENDED |
| DEVELOPMENT CORPORATION ) | COMPLAINT AS TO HER FOURTH |
| FORMERLY HOUSING FINANCE AND ) | CAUSE OF ACTION; AND (3) |
| DEVELOPMENT CORPORATION ) | PLAINTIFF'S APPLICATION TO |
| FORMERLY HAWAII HOUSING ) | PROCEED WITHOUT PREPAYMENT OF |
| AUTHORITY; INTERNAL REVENUE ) | FEES BE DENIED |
| SERVICE; JOHN AND/OR JANE ) | |
| DOES 1-999, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

FINDINGS AND RECOMMENDATION THAT (1) PLAINTIFF'S FIRST, SECOND,
AND THIRD CAUSES OF ACTION BE DISMISSED WITH PREJUDICE;
(2) PLAINTIFF BE GIVEN LEAVE TO FILE AN AMENDED COMPLAINT AS
TO HER FOURTH CAUSE OF ACTION; AND (3) PLAINTIFF'S APPLICATION
TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED[1]

Before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees or Costs ("Application"), filed on September 4, 2012. ECF No. 3. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the United States

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

District Court for the District of Hawaii. After careful consideration, the Court FINDS AND RECOMMENDS that the district court DISMISS WITH PREJUDICE Plaintiff's First, Second, and Third Causes of Action; GRANT Plaintiff leave to file an amended complaint as to Plaintiff's Fourth Cause of Action; and DENY Plaintiff's Application with leave to file another Application if she chooses to file an amended complaint.

BACKGROUND

Plaintiff's Complaint seeks damages for injuries that Plaintiff alleges occurred in 1989 and 1990. Specifically, Plaintiff asserts claims related to the 1990 non-judicial foreclosure of her residence in Kaneohe, Hawaii; the 1990 execution of a writ of possession for the household belongings in the residence; and the 1990 execution of a search and arrest warrant by various government agencies at the residence. Compl. ¶¶ 19-25.

Plaintiff states four causes of action in her Complaint. First, Plaintiff alleges that American Savings Bank denied Plaintiff "due process" in the foreclosure of her residence from 1989 to 1990. Compl. ¶¶ 33, 37. Second, Plaintiff alleges that Hawaii Housing Finance and Development Corporation formerly Housing Finance and Development Corporation formerly Hawaii Housing Authority ("HHFDC") also denied Plaintiff "due process" during the foreclosure process and possibly violated the Fair Housing Act. Compl. ¶¶ 39-40. Plaintiff also

2

alleges that HHFDC participated in another "violation of civil rights" during the execution of the writ of possession at the residence in 1990.  Compl. ¶ 44.  Third, Plaintiff asserts a claim against the Internal Revenue Service related to the execution of the "search, seizure, and arrest" warrant executed at the residence in 1990.  Compl. ¶ 48.  Fourth, Plaintiff asserts a claim against "John and/or Jane Does 1-199 (Known and Unknown Participants)."  Compl. at 11.  In the Fourth Cause of Action, Plaintiff lists various state and federal entities, including the Hawaii Department of Attorney General, the Hawaii Public Safety Officers for the Sheriffs, the Federal Deposit Insurance Corporation and/or Federal Reserve Bank, the United States Treasury Department, the Federal Bureau of Investigation, the Kaneohe Marine Base Morale, Welfare, Recreation, the Bureau of Alcohol Tobacco and Firearms, and the United States Postal Service.  Compl. ¶¶ 54-61.  Plaintiff does not assert a statutory or common law claim against these entities.  Instead, Plaintiff alleges that these entities "participated in one way or another to intentionally, maliciously, deliberately and/or recklessly injure Plaintiff . . . with the threat of physical, emotional, mental and spiritual harm before Plaintiff was lawfully found guilty as charged."  Compl. ¶ 65.  In her prayer for relief, Plaintiff seeks return of her residence and the household property seized in 1990.  Compl. at 13.  Plaintiff also asks for "no less than $5,000,000 in monetary damages."  Id.

DISCUSSION

Courts may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any claim it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a Section 1915(a) complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners). Because Plaintiff is appearing *pro se*, the court must liberally construe her pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

**A. Plaintiff's Complaint Should Be Dismissed.**

A complaint fails to state a claim where a defense is complete and obvious from the face of the pleadings. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (applying former § 1915(d) now codified at 28 U.S.C. § 1915(e)(2)(B)). Even construing the allegations in the Complaint liberally, the Complaint is deficient for several reasons. Plaintiff's First

4

and Second Causes of Action are time-barred because they involve incidents that occurred in 1989 and 1990, more than twenty-two years ago. Plaintiff's Third Cause of Action against the Internal Revenue Service is barred by sovereign immunity. Plaintiff's Fourth Cause of Action against various state and federal entities fails to state a claim. As discussed in detail below, it is obvious from the face of the Complaint that all of Plaintiff's claims are deficient.

**1. Plaintiff's First Cause Of Action Against American Savings Bank Is Time-Barred And Should Be Dismissed With Prejudice.**

First, Plaintiff alleges that American Savings Bank denied Plaintiff "due process" in the foreclosure process from 1989 to 1990. Compl. ¶¶ 33, 37. To the extent Plaintiff is asserting a 42 U.S.C. § 1983 against American Savings Bank for violation of her civil rights, such claim must be dismissed. There is no indication in the Complaint that American Savings Bank was acting under color of state law in the foreclosure proceedings. See Price v. State of Hawaii, 939 F.2d 702, 707–08 (9th Cir. 1991) (private parties do not generally act under color of state law for Section 1983 purposes).

Even assuming that Plaintiff was able to state a claim against American Savings Bank under Section 1983, such claim would be time-barred. In the absence of waiver, a court may raise the defense of statute of limitations *sua sponte*. See

Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993); see also Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (appropriate to dismiss complaint *sua sponte* as time barred under § 1915(e)(2)(B)); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951, 956 (4th Cir. 1995) (en banc) (same); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (same); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (same); Johnson v. Rodriguez, 943 F.2d 104, 107-08 (1st Cir. 1991) (same). The statute of limitations applicable to Section 1983 actions in Hawaii is Hawaii Revised Statutes Section 657-7, the two-year "general personal injury" provision. See Pele Defense Fund v. William Paty, 73 Haw 578, 597-98, 837 P.2d 1247, 1260 (Haw. 1992). As noted above, the foreclosure occurred in 1989 and 1990. Plaintiffs Complaint was filed more than twenty years after the two-year statute of limitations. Plaintiff would not be able to amend her allegations with respect to the alleged incident to change this result. The Court finds that "it is clear ... that the complaint [cannot] be saved by an amendment." Moss v. U.S. Secret Service, 572 F.3d 962, 792 (9th Cir. 2009). Accordingly, the Court FINDS that Plaintiff's First Cause of Action against American Savings Bank is time-barred and RECOMMENDS that the First Cause of Action be dismissed with prejudice.

**2. Plaintiff's Second Cause Of Action Against HHFDC Is Time-Barred And Should Be Dismissed With Prejudice.**

Second, Plaintiff alleges that HHFDC denied Plaintiff "due process" during the foreclosure process, possibly violated the Fair Housing Act, and participated in a "violation of civil rights" during the execution of the writ of possession at the residence. Compl. ¶¶ 39-40, 44. Even assuming that these claims were sufficiently stated for purposes of the underlying statutes, these claims are all time-barred. As noted above, the statute of limitations for Section 1983 claims related to alleged violations of Plaintiff's civil rights is two years. See Pele Defense Fund, 73 Haw at 597–98, 837 P.2d at 1260. The statute of limitations for Fair Housing Act claims is also two years. See 42 U.S.C. § 3613(a)(1)(A) ("An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . whichever occurs last."). All of Plaintiff's claims against HHFDC arose from the foreclosure proceedings in 1989-1990 and the execution of the writ in 1990. As with the claim against American Savings Bank, there is nothing Plaintiff can plead that will change this result. Accordingly, the Court FINDS that Plaintiff's Second Cause of Action against HHFDC is time-barred and RECOMMENDS that the Second Cause of Action be dismissed with prejudice.

### 3. Plaintiff's Third Cause Of Action Against The Internal Revenue Service Is Barred By Sovereign Immunity And Should Be Dismissed With Prejudice.

Third, Plaintiff asserts a claim against the Internal Revenue Service related to the execution of the "search, seizure, and arrest" warrant at the residence in 1990. Compl. ¶ 48. A plaintiff may not sue the Internal Revenue Service in federal court; the proper party is the United States. See Blackmar v. Guerre, 342 U.S. 512, 514 (1952). The Court will consider Plaintiff's claim against the Internal Revenue Service as if Plaintiff had brought it against the United States. The United States possesses sovereign immunity from suit except to the extent it unequivocally waives such immunity. Lehman v. Nakshian, 453 U.S. 156, 160 (1981); Gilbert v. DaGrossa, 756 F .2d 1455, 1457 (9th Cir. 1985). Absent waiver of the United States' sovereign immunity, the action must be dismissed. Gilbert, 756 F.2d at 1457; Elias v. Connett, 908 F.2d 521, 527 (1990). Plaintiff asserts a Fourth Amendment claim related to the warrant executed in 1990. The Constitution does not waive sovereign immunity. Pereira v. United States Postal Service, 964 F.2d 873, 876 (9th Cir. 1992); Clemente v. United States, 766 F.2d 1358 (9th Cir. 1985). Accordingly, the Court FINDS that sovereign immunity bars Plaintiff's Third Cause of Action and

RECOMMENDS that the Third Cause of Action be dismissed with prejudice.

**4. Plaintiff's Fourth Cause of Action Against "John and/or Jane Does 1-999 (Known and Unknown Participants)" Fails to State a Claim and Should Be Dismissed With Leave to Amend.**

In the Fourth Cause of Action, Plaintiff identifies several state and federal entities, but does not assert a statutory or common law claim against them. See Compl. ¶¶ 54-66. Plaintiff did not name these entities as defendants in her case caption. To the extent Plaintiff is attempting to assert claims against these entities, those claims must be dismissed for failure to state a claim because the Complaint contains only conclusorily allegations regarding Plaintiff's injuries and harm. See Compl. ¶ 65. Plaintiff must plead more than mere conclusory allegations. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Complaint does not contain any allegations regarding the basis for Plaintiff's claim for relief or the specific actions of the various entities that caused Plaintiff's alleged harm. The allegations in the Complaint do not provide fair notice to the various entities of the claims asserted against them. It is likely that any claims asserted against these entities would be barred by the statute of limitations or sovereign immunity. However, the Court is unable to state for certain that Plaintiff's Fourth Cause of Action is without merit

because the Complaint does not contain enough allegations regarding the actions of the various entities to make an informed determination. The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000). Unlike the other claims discussed above, the Court is unable to determine whether amendment could cure the defects in Plaintiff's Fourth Cause of Action. The Court FINDS that Plaintiff's fourth cause of action fails to state claim and RECOMMENDS that Plaintiff be granted leave to file an amended complaint addressing the deficiencies identified above, no later than thirty days from the district court's adoption of this Findings and Recommendation. If Plaintiff chooses to file an amended complaint, the document must be clearly designated as the "First Amended Complaint," must be retyped or rewritten on the court-approved form, and may not incorporate any part of the original Complaint by reference. See LR10.3.

**B. The Court Recommends That Plaintiff's Application To Proceed Without Prepayment Of Fees Be Denied.**

Because the Court finds that the Complaint is deficient, the Court also recommends that Plaintiff's Application

be denied and that Plaintiff be given leave to file another Application if she chooses to file an amended complaint.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court:

1) DISMISS WITH PREJUDICE Plaintiff's First, Second, and Third Causes of Action;

2) GRANT Plaintiff leave to file an amended complaint curing the deficiencies identified above related to Plaintiff's Fourth Cause of Action no later than thirty days from the district court's adoption of this Findings and Recommendation;

3) DENY Plaintiff's Application with leave to file another Application if she chooses to file an amended complaint.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 14, 2012.

_____
Richard L. Puglisi
United States Magistrate Judge

**HOAPILI V. AMERICAN SAVINGS BANK, ET AL; CIVIL NO. 12-00495 HG-RLP; FINDINGS AND RECOMMENDATION THAT (1) PLAINTIFF'S FIRST, SECOND, AND THIRD CAUSES OF ACTION BE DISMISSED WITH PREJUDICE; (2) PLAINTIFF BE GIVEN LEAVE TO FILE AN AMENDED COMPLAINT AS TO HER FOURTH CAUSE OF ACTION; AND (3) PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED**